# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| JAMES EDWARD JEFFERSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 6:21-cv-1307 |
| | § | |
| BIG CREEK CONSTRUCTION, LTD., | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JAMES JEFFERSON, (hereinafter sometimes referred to as "Plaintiff" or "Mr. Jefferson") complains of Defendant, BIG CREEK CONSTRUCTION, LTD., (hereinafter sometimes referred to as "Defendant") and would show the Court as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his former employer for racial discrimination and retaliation for opposing racial discrimination in violation of the laws of the United States, including 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Texas Labor Code, Section 21.051 *et seq.* ("TCHRA"). Plaintiff seeks damages,

1

attorneys' fees, expert fees, taxable costs of the court, and prejudgment and post-judgment interest.

## PARTIES

2. Plaintiff, JAMES EDWARD JEFFERSON, is an African-American and a resident of Bell County, Texas.

3. Defendant BIG CREEK CONSTRUCTION, LTD. is a domestic limited partnership organized under the laws of the state of Texas, located in McLennan County, Texas.

## JURISDICTION AND VENUE

4. This is a civil action seeking redress for a violation of rights guaranteed to the Plaintiff pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, and the Texas Labor Code, in accordance with these statutes' provisions against discrimination and retaliation.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. This action lies in the United States District Court for the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to Plaintiff's claims occurred substantially in McLennan County, Texas.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## FACTS

8. Plaintiff, JAMES EDWARD JEFFERSON, is a member of a protected class, African-American.

9. Plaintiff was employed by Defendant as a driver beginning on or about August 1, 2019.

10. At all times material hereto, Plaintiff was qualified for the position as a Driver that he held with Defendant.

11. On or about November 7, 2019, Defendant canceled work due to the weather and called Plaintiff and other employees into a safety meeting.

12. Mr. Jefferson and approximately 6 or 7 other black and white employees attended the safety meeting in tennis shoes.

13. Curtis Williams, Supervisor, wrote Mr. Jefferson and, upon information and belief, the other African-American employees up for not having the correct footwear for work.

14. Upon information and belief, Curtis Williams did not write up the white employees, even though they were also wearing tennis shoes.

15. On or about November 8, 2019, Plaintiff reported this racial discrimination to Defendant.

16. Thereafter, Defendant began retaliating against the Plaintiff for his complaint of racial discrimination in the form of negative disciplinary write ups.

17. On or about January of 2020, Defendant terminated Plaintiff's employment.

18. Defendant's reasons for terminating Plaintiff's employment are a pretext for racial discrimination and retaliation for opposing racial discrimination.

## COUNT I
## RACE DISCRIMINATION 42 U.S.C. § 1981

19. Plaintiff re-alleges paragraphs 1-18, supra, as though fully set forth herein.

20. 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

21. Defendant intentionally discriminated against Plaintiff because of his race in violation of 42 U.S.C §1981 by singling him out for a write up because of his race.

22. Plaintiff was subject to an adverse employment action.

23. Plaintiff was treated less favorably than other similarly-situated employees who were not in his protected class.

24. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has been damaged.

25. Defendant's deliberate conduct was the moving force behind and cause of the violation of Plaintiff's rights and Plaintiff's injuries.

26. Defendant's conduct is so egregious as to warrant the imposition of punitive damages.

## COUNT II
## TITLE VII RACE DISCRIMINATION

27. Plaintiff re-alleges paragraphs 1-18, supra, as though fully set forth herein.

28. Plaintiff has the right to work free from race discrimination.

29. Defendant has discriminated against Plaintiff on the basis of his race in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

30. Plaintiff is a member of a protected class, African-American.

31. Plaintiff was subject to an adverse employment action.

32. Plaintiff was treated less favorably than other similarly-situated employees who were not in his protected class.

33. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has been damaged.

34. Defendant's conduct is so egregious as to warrant the imposition of punitive damages.

## COUNT III
## 42 U.S.C. § 1981 RETALIATION

35. Plaintiff re-alleges paragraphs 1-18, supra, as though fully set forth herein.

36. 42 U.S.C. § 1981 prohibits retaliation based on complaints of racial discrimination in the making and enforcing of contracts, including the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

37. Section 1981 (42 U.S.C. §1981) was amended by the Civil Rights Act of 1991 to create a cause of action for retaliatory conduct occurring after the formation of a contract.

38. Plaintiff participated in an activity protected by 42 U.S.C. §1981.

39. Defendant took an adverse employment action against Plaintiff by terminating his employment after he voiced complaints of race discrimination to the Defendant.

40. A causal connection exists between Plaintiff's complaints of race discrimination and the Defendant's termination Plaintiff's employment.

41. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has been damaged.

42. Defendant's conduct is so egregious as to warrant the imposition of punitive damages.

## COUNT IV
## TITLE VII RETALIATION

43. Plaintiff re-alleges paragraphs 1-18, supra, as though fully set forth herein.

44. Plaintiff participated in an activity protected by the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

45. Defendant took an adverse employment action against Plaintiff by terminating his employment after he voiced complaints of race discrimination to the Defendant.

46. A causal connection exists between Plaintiff's complaints of race discrimination and the Defendant's termination Plaintiff's employment.

47. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

48. Defendant's conduct is so egregious as to warrant the imposition of punitive damages.

## COUNT V
## TCHRA RACE DISCRIMINATION

49. Plaintiff re-alleges paragraphs 1-18, supra, as though fully set forth herein.

50. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race.

51. Defendant is an employer within the meaning of the TCHRA.

52. Plaintiff was an employee within the meaning of the TCHRA at all times relevant to this Complaint.

53. Plaintiff was subjected to discrimination that was based upon his race.

54. The discrimination affected a term, condition, or privilege of Plaintiff's employment.

55. Defendant knew or should have known of the discrimination and failed to take remedial action.

56. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

57. Defendant's conduct is so egregious as to warrant the imposition of punitive damages.

## COUNT V
## TCHRA RETALIATION

58. Plaintiff re-alleges paragraphs 1-18, supra, as though fully set forth herein.

59. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race.

60. Defendant is an employer within the meaning of the TCHRA.

61. Plaintiff was an employee within the meaning of TCHRA at all times relevant to this Complaint.

62. Plaintiff participated in an activity protected under TCHRA when he complained to Defendant about the racial discrimination to which she was being subjected.

63. Defendant took an adverse employment action against Plaintiff because he participated in protected activity under the TCHRA.

64. A causal connection exists between the protected activity and the adverse action.

65. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

66. Defendant's conduct is so egregious as to warrant the imposition of punitive damages.

## DAMAGES

67. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, back wages, interest on back pay and front pay, lost earnings in the past, lost benefits under the contract or employment relationship, and employment benefits in the past and future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

68. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff. Plaintiff additionally brings suit for

compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other non-pecuniary losses.

69. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages against Defendant. *See* 42 U.S.C. § 1981a; and, § 21.2585 of the Texas Labor Code.

## ATTORNEYS' FEES AND EXPENSES

70. A prevailing party may recover reasonable attorneys' and experts' fees under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(k), and § 21.259(a) of the Texas Labor Code. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

71. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

a. The Court assume jurisdiction of this cause;

b. The Court award Plaintiff damages as specified above;

c. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

d. The Court award Plaintiffs pre- and post-judgment interest at the highest rates allowed.

e. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Dated: December 16, 2021.

*/s/ Daniel B. Ross*
**DANIEL B. ROSS**
State Bar No. 00789810
Dan@rosslawgroup.com
**MARGO ROSS PILLISCHER**
State Bar No. 24120115
Margo@rosslawgroup.com
**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

**ATTORNEYS FOR PLAINTIFF**